# TWENTY-FIFTH JUDICIAL DISTRICT COURT

# PARISH OF PLAQUEMINES

# STATE OF LOUISIANA

*********************************************

I, EDWARD E. KIRBY, Deputy Clerk of the Twenty-Fifth Judicial District Court, for the Parish of Plaquemines, State of Louisiana, do hereby certify that the within and foregoing 8 pages constitute a true and correct copy of the record entitled :

#63-448 DIV. "B"

GARY ROBIN

VS

WEEKS MARINE, INC. AND ABS INSURANCE CO.

Filed in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Court, at Belle Chasse, Louisiana, on this 14th day of February, 2017.

DEPUTY CLERK OF COURT
P.O. BOX 40
BELLE CHASSE, LA 70037

3715

**FOR RETURN**

# *CITATION*

*GARY ROBIN*

*Versus*

*WEEKS MARINE INC ET AL*

*Case:* ***00063448***
*Division: B*
*25th Judicial District Court*
*Parish of Plaquemines*
*State of Louisiana*

2017 JAN 20 A 11: 32
RECEIVED ... SHERIFF

*To: WEEKS MARINE INC*
*c/o ITS REGISTERED AGENT MELODY TREME*
*304 GAILLE DRIVE*
*COVINGTON LA 70433*

*YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.*

*WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Thursday, January 19, 2017.*

*Req. By:*
*RYAN O LUMINAIS*
*(504) 299-2100*
*ATTY FOR PLAINTIFF*

*Deputy Clerk of Court for*
*Kim Turlich-Vaughan, Clerk of Court*
*P.O. Box 40*
*Belle Chasse, LA 70037*

## ***Service Information***

*Received on the ______ day of ________________, 20____ and on the ________ day of ________________, 20____ served the above named party as follows:*

***Personal Serv***...

***Domiciliary*** ... *hands of* ____ ... *er domicile in the parish in the* ... *years, living* ... *rently over the age of seventeen* ... *learned by in*... *connected with this service, I* ... *n his/her residence at the time of said service.*

(38)63448 - 1.00 -- C/P
Served PERS on INT:
WEEKS MARINE INC C/O AGENT MELODY TREME at
304 Gaille DR, COVINGTON
Service Date & Time: 1/24/2017 9:50:00AM

*Returned:*
*Parish of* ___ 3715 - BAHM, BRETT, St. Tammany Parish ______________, *20*____.

*Service* $____

*Mileage* $____

*Total* $____

**FILED**
FEB 06 2017
DY. CLERK

**25th JUDICIAL DISTRICT COURT**
**PARISH OF PLAQUEMINES**
**STATE OF LOUISIANA**

**NO.** 63-448 **DIVISION** B

**GARY ROBIN**

**v.**

**WEEKS MARINE, INC. and ABC INSURANCE CO.**

**FILED:** ______________________ **DEPUTY CLERK**

FILED
JAN 17 2017
DY. CLERK

**PETITION FOR DAMAGES and REQUEST FOR TRIAL BY JURY**

Plaintiff, Gary Robin, avers the following in support of his Petition for Damages:

**PARTIES**

1.

Plaintiff, Gary Robin, is an adult resident of State of Louisiana who resides in St. Bernard Parish.

2.

Defendant, Weeks Marine, Inc. is a foreign corporation authorized to transact and conduct business in Louisiana.

3.

ABC Insurance Company provided insurance to Weeks Marine for the claims asserted by Mr. Robin in this matter.

**VENUE AND JURISDICTION**

4.

Venue is appropriate in this district, pursuant to article 74 of the Louisiana Code of Civil Procedure, because it is the parish where the incident occurred and where Mr. Robin sustained his damages and injuries.

5.

Mr. Robin invokes the jurisdiction of this Court by exercising the savings-to-suitors clause in accordance with 28 U.S.C. § 1333.

6.

Mr. Robin also request a trial by jury on all claims asserted herein.

**BACKGROUND**

7.

On April 27, 2016, Mr. Robin was operating a recreational vessel in the waters in or around Lake Lery in or around Delacroix, Louisiana. Mr. Robin was accompanied at the time by his brother, Cary Robin, as they were laying crab traps. Mr. Robin owned the boat that he was operating that day.

8.

As Mr. Robin and his brother were travelling on the boat through one of the canals or waterways that connects to Lake Lery, the boat struck a submerged stationary pipe at approximately 29°47'408"N 89°49'412"W that was located at a shallow depth in the waters. Upon information and belief, this pipe was fabricated, constructed, and/or installed by Weeks Marine, and was part of a larger dredge and/or slurry pipeline installed by Weeks Marine. At the time of the incident, there were no warnings, signs, buoys, markers, or other notices alerting Mr. Robin, his brother, or other passers-by of the presence of the submerged pipe in the waters or the dangers in hitting the pipe.

9.

As a result of the collision involving the pipe, Mr. Robin sustained significant injuries to his left knee and lower-back. Additionally, Mr. Robin's boat also sustained extensive damage, including damage to the motor and propeller.

10.

Upon information and belief, several people have struck and/or hit the same pipe that made contact with Mr. Robin's boat. Consequently, Weeks Marine knew and/or should have known of the vice, ruin, and/or defect with the subject pipe. Additionally, upon information and belief, since the subject incident, certain markers and/or buoys have been placed near the pipe alerting passers-by of the location of the pipe and/or dangers in hitting the pipe.

11.

Weeks Marine had a legal duty to ensure that the pipe complied with all local, state, and/or federal regulations, including ensuring that the pipe is located in an area or depth that does not interfere with boater traffic. Weeks Marine also had a legal duty to alert, warn and/or notify Mr. Robin and others similarly situated of the presence of the stationary pipe in the waters, which poses a serious danger and/or threat to approaching vessels, like the one being operated by Mr. Robin. The aforementioned duties were designed to protect Mr. Robin and those similarly situated from this type of harm arising in this manner.

12.

Weeks Marine breached the aforementioned legal duties and those breaches were the legal cause and cause in fact of the injuries sustained by Mr. Robin without any comparative negligence on his part.

13.

Weeks Marine committed the following non-exclusive acts of negligence:

a. Installing, fabricating, positioning, and/or locating the pipe in a place where boaters pass and/or navigate, which poses serious risk of harm to them and/or their property;

b. Installing, positioning, and/or locating the pipe in a manner that posed a serious risk of harm to boaters, including, failing to submerge the pipe at a safe and prudent depth that would not interfere with boater traffic;

c. Failing to comply with all applicable local, state, and/or federal regulations associated with the location, placement, positioning, depth, and/or specifications of underwater pipe.

d. Failing to alert, notify, and/or warn passers-by of the presence and/or risks or dangers associated with stationary pipe located in the shallow depth of the waters;

e. Any and all other acts of negligence which are inherent in these pleadings or which may appear through discovery in this case or which may be proven at trial.

14.

Mr. Robin sustained the following non-exclusive damages:

a. Past, present, and future physical pain and suffering;

b. Past, present, and future mental anguish and anxiety;

c. Past, present, and future medical and rehabilitation expenses;

d. Property damage, boat damage, loss use of boat;

e. Loss of enjoyment of life;

f. Inconvenience and Disruption; and

g. Other damages to be demonstrated during the course of this proceeding.

15.

Under the ABC Insurance Company's policy, ABC Insurance Company must pay the sums that Weeks Marine is legally obligated to pay because of damages suffered by Mr. Robin due to Weeks Marine's negligence.

16.

Pursuant to Louisiana Revised Statutes § 22:1269, ABC Insurance Company is solidarily liable with its insured(s) to Mr. Robin within the limits of the policy.

WHEREFORE, Gary Robin prays that:

a. Defendant, Weeks Marine, Inc., be duly cited and served with a copy of this Petition for Damages and be required to answer same in accordance with the Louisiana Code of Civil Procedure.

b. There be judgment rendered in favor of Gary Robin and against Defendants, Weeks Marine, Inc. and ABC Insurance Company, for any and all damages necessary and appropriate in the premises along with pre and post judgment interest.

c. For all general and equitable relief.

Respectfully submitted,

JAMES M. GARNER, #19589
RYAN O. LUMINAIS, #30605
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300

-and-

DAN A. ROBIN, JR., #24628
**LAW OFFICE OF DAN A. ROBIN, JR. LLC**
9117 W. St. Bernard Highway
Chalmette, Louisiana 70043
Telephone: (504) 271-9854
Facsimile: (504) 272-0177

**ATTORNEYS FOR GARY ROBIN**

Please serve:

**Weeks Marine, Inc.**
c/o its registered agent, Melody Treme
304 Gaille Drive
Covington, Louisiana 70433

# *JURY ORDER*

***GARY ROBIN***

***Versus***

***WEEKS MARINE INC ET AL***

***Case: 00063448***
***Division: B***
***25th Judicial District Court***
***Parish of Plaquemines***
***State of Louisiana***

FILED
JAN 19 2017
DY. CLERK

*The mover for jury trial shall post a jury bond in the amount of $5,000.00 no later than sixty (60) days before the trial, and pursuant to LSA-R.S. 13:3049, must pay a jury bond filing fee of $150.00 to the Clerk of Court at the time of posting bond.*

*Prior to the commencement of trial, the party requesting the jury trial shall deposit with the Clerk of Court the sum of $3,000.00 cash for the first day, and he shall deposit $500.00 per each additional day the trial is estimated to last. If the deposit is not timely made, any other party shall have an additional ten (10) days to make the required deposit. Failure to post the cash deposit shall constitute a waiver of a trial by jury.*

*Except for the jury bond filing fee which is non-refundable, the Clerk of Court shall return any unused portion of the jury deposit to the party responsible.*

*Belle Chase, Louisiana, this* 19th *Day of* January, *2017*

*Judge*

*Requested by:*
*RYAN O. LUMINAIS*
*ATTORNEY FOR PLAINTIFF*
*504-299-2100*

[ FILED COPY ]

# CERTIFICATE OF MAILING
## JURY ORDER

| | | |
|---|---|---|
| **GARY ROBIN**<br>*Versus*<br>**WEEKS MARINE INC ET AL** | | **Case: 00063448**<br>**Division: B**<br>**25th Judicial District Court**<br>**Parish of Plaquemines**<br>**State of Louisiana** |

*I, the undersigned, do hereby certify that I have mailed Notice of the signing of the Jury Order, signed on JANUARY 19 2017, to the following person(s):*

| NAME | DATE MAILED |
|---|---|
| RYAN O LUMINAIS CERT MAIL 1-19-17 | 91 7199 9991 7037 1537 3451 |

*WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Thursday, January 19, 2017.*

*Deputy Clerk of Court for*
*Kim Turlich-Vaughan, Clerk of Court*
*P.O. Box 40*
*Belle Chasse, LA 70037*

[ FILED COPY ]