UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| GARY ROBIN | * | CIVIL ACTION NO. 17-1539 |
| --- | --- | --- |
| | * | |
| | * | SECTION: "E"(1) |
| VERSUS | * | |
| | * | JUDGE SUSIE MORGAN |
| | * | |
| WEEKS MARINE, INC., ET AL. | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************* | * | |

## ORDER AND REASONS

Before the Court is the Motion to Compel filed by plaintiff Gary Robin (Rec. Doc. 24). The only issues remaining at this time are whether Weeks Marine is obligated to produce an unredacted copy of its insurance policy, whether Weeks Marine's response to Request for Production Number 5 is sufficient, and whether sanctions are warranted in light of the delay in production of discovery responses by Weeks Marine. For the following reasons, the Motion to Compel is GRANTED in part. Within seven days, Weeks Marine shall produce an unredacted copy of its insurance policy and within 14 days, Weeks Marine shall supplement its response to Request for Production No. 5. Sanctions are not warranted at this time.

## Background

Mr. Robin alleges that he suffered injuries when his recreational boat struck a submerged stationary pipeline owned and/or installed by Weeks Marine. He filed this lawsuit in Louisiana state court on January 17, 2017, and contemporaneously served two sets of discovery requests. Weeks Marine removed the matter to this court on February 23, 2017. Around the same time, it appears that Weeks Marine agreed to provide responses to the discovery requests by March 20, 2017. According to Mr. Robin, Weeks Marine then insisted that it would not respond to the discovery requests until after the case management conference under Federal Rule of Civil

1

Procedure 26(f). Nonetheless, Weeks Marine responded to Mr. Robin's first discovery requests on April 3, 2017. This production included a copy of insurance policies, however, these policies contained redactions. The case management conference was held on May 19, 2017.

Mr. Robin filed the present motion to compel on July 3, 2017, because Weeks Marine had still not provided responses to his second set of discovery requests and because Weeks Marine refused to provide unredacted copies of its insurance policies. Weeks Marine filed its opposition memorandum on July 25, 2017, and represented that it had provided responses to Mr. Robin's second set of discovery requests and had not received any complaint from Mr. Robin regarding their sufficiency. However, Weeks Marine still had not produced unredacted copies of the insurance policies and insists that it is not obligated to do so. Additionally, Weeks Marine insists that sanctions are not appropriate here because its refusal to disclose its insurance policy limits is justified and its delay in answering to Mr. Robin's discovery requests has not impeded the progress of the case.

Pursuant to the Scheduling Order issued May 24, 2017, trial in this matter is scheduled for March 25, 2018, and the parties have until January 16, 2018, to complete discovery.

<u>Law and Analysis</u>

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). In determining proportionality, the parties (and the Court if called to weigh in) should consider:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. Proc. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

In addition to their obligation to respond to discovery requests, the parties must make initial disclosures pursuant to Rule 26. This obligation includes the requirement that each party must provide "for inspection and copying . . . any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. Proc. 26(a)(1)(iv).

A party may move for an order compelling initial disclosures, responses to requests for production, and responses to interrogatories pursuant to Rule 37. If the motion is granted, the Court must "after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Id. R. 37(a)(5)(A). However, fees are not to be awarded where: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Id.

The primary issue at this time is the production of unredacted insurance policies requested by Mr. Robin. Although Mr. Robin has not couched his demand as derived from Weeks Marine's initial disclosure obligations, Weeks Marine is obligated by Rule 26(a)(1)(iv) to disclose the insurance agreement. The text of this rule does not suggest that disclosure of such agreements may be limited in any way. At least one other district court in the Fifth Circuit has held that a party must produce the entire insurance policy under Rule 26(a)(1)(A)(iv) and cannot simply disclose those portions of the policy that it determines are relevant. Capozzi v. Atwood Oceanics, Inc., No.

CIV.A. 08-776, 2009 WL 3055321, at *2 (W.D. La. Sept. 20, 2009). The only authority that Weeks Marine cites in support of its argument that it may redact the insurance coverage limits from its insurance policy dates back to 1968, before the initial disclosure requirements of Rule 26 obligated disclosure of insurance policies at all. Wood v. Todd Shipyards, 45 F.R.D. 363, 365 (S.D. Tex. 1968). The district court in Wood held that insurance policies were not discoverable because they were not likely to lead to admissible evidence at the trial.[1] Id. While there may still be some truth to the Wood court's observation that "[b]y allowing discovery of insurance limits, the court would be shifting the emphasis of the litigation from how much the plaintiff was damaged to how much the defendant can pay," the amendment of the Federal Rules of Civil Procedure to require production of insurance liability policies makes clear that such agreements are discoverable.

The Court finds that the unredacted insurance policies must be disclosed. For multiple and obvious reasons, policy limits are relevant and discoverable. Weeks Marine has not presented any current authority that would support limiting the plain text of Rule 26(a)(1)(A)(iv). And it has failed to establish good cause to protect its insurance coverage limits from disclosure.

Mr. Robin also challenges Weeks Marine's failure to produce any documents in response to his Request for Production No. 5, which seeks documents notifying Weeks Marine of any incidents regarding contact or collision with the pipeline at issue here. Weeks Marine responded that it was "searching for documents responsive to this request." Mr. Robin complains that the response is insufficient. Mr. Robin notes that the request was made over six months ago. But this case is still in its early stages with the discovery deadline more than five months away. Nonetheless, the Court finds that Weeks Marine is obligated to respond and shall supplement its

---

[1] This discovery standard is also outdated.

4

response within 14 days to produce responsive documents or to confirm that the search is complete and no documents have been found.

Mr. Robin also insists that sanctions are justified given the "severe delay" in Weeks Marine's discovery responses, which were apparently provided 18 days after the filing of the present motion. This was nearly six months after being served with the discovery requests, but it was only about two months after the parties' Rule 26(f) conference. As Weeks Marine's counsel pointed out in correspondence to counsel for Mr. Robin, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ." Fed. R. Civ. Proc. 26(d)(1). Mr. Robin filed the present motion to compel less than seven weeks following the Rule 26(f) conference. Although there is no dispute that Weeks Marine's response was untimely, the Court finds that responses about two months following the initiation of discovery under the Federal Rules is not severe in a case such as this one. Further, with a discovery deadline in January 2018 and a trial date in March 2018, the Court finds little prejudice caused by Weeks Marine's delay. Additionally, the Court finds that the parties made insufficient efforts to meet and confer prior to bringing this motion to the Court's attention. The only thing Mr. Robin's counsel has pointed to is e-mail correspondence demanding responses. A good faith attempt to meet and confer typically requires an in person meeting or a telephone call. The Court adds that there is no indication that Weeks Marine has failed to observe prior orders of this Court. Although Weeks Marine's refusal to produce its insurance policy without redaction was poorly supported, the Court finds that the parties may have been able to resolve this issue had they met and conferred in good faith. Accordingly, the Court finds that it would be unjust to award sanctions at this time.

<u>Conclusion</u>

For the foregoing reasons, the Motion to Compel is GRANTED in part. Within seven days, Weeks Marine shall produce an unredacted copy of its insurance policy and within 14 days, Weeks Marine shall supplement its response to Request for Production No. 5. Sanctions are not warranted at this time.

New Orleans, Louisiana, this 3rd day of August, 2017.

                                            Janis van Meerveld
                                      United States Magistrate Judge