UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| GARY ROBIN, | CIVIL ACTION |
| Plaintiff | |
| VERSUS | NO. 17-1539 |
| WEEKS MARINE, INC., ET AL., | SECTION: "E" (1) |
| Defendants | |

**ORDER AND REASONS**

Before the Court is a Motion in Limine filed by Plaintiff Gary Robin.[1] Plaintiff seeks to exclude (1) evidence regarding whether Plaintiff "regularly consulted doctors or sought medical care and/or underwent medical treatment before the subject incident," (2) a medical record from Southern Orthopedic Specialists, prepared by J. Lee Moss, referencing a supposed lumbar MRI in 2007, and (3) a supposed recommendation by Dr. Watermeier that Plaintiff undergo surgery on his lower back.[2] Defendants oppose the motion.[3] For the reasons that follow, the motion is **GRANTED IN PART, DENIED IN PART, and DEFERRED IN PART.**

**(1) Plaintiff's 1999 Injury**

Plaintiff moves to "bar Defendants from offering any evidence related to Mr. Robin's prior unrelated injuries."[4] At the pre-trial conference of this matter, Plaintiff clarified that he seeks only to exclude evidence of a 1999 fusion surgery performed on his cervical spine as a result of a workplace injury. Defendants agreed with Plaintiff that such evidence is irrelevant, and Defendants will not attempt to use this evidence. Defendants

---

[1] R. Doc. 69.
[2] R. Doc. 69 at 1.
[3] R. Doc. 73.
[4] R. Doc. 69-1 at 7.

1

argued they should be allowed to use the evidence to impeach the Plaintiff, if appropriate. The Court will defer until trial its ruling on whether evidence of Plaintiff's 1999 injury may be used to impeach the Plaintiff until trial.

**(2) 2007 MRI**

Plaintiff moves to exclude a medical record from Southern Orthopedic Specialists, prepared by J. Lee Moss on April 24, 2009, referencing a supposed lumbar MRI Plaintiff had performed in 2007. At the pre-trial conference of this matter, Defendant clarified that it does not oppose the motion in limine with respect to the 2007 MRI. Plaintiff's motion to exclude evidence of the supposed lumbar MRI performed in 2007 is granted as unopposed.

**(3) Dr. Watermeier's Recommendation**

Plaintiff moves to exclude a portion of a medical record from Southern Orthopedic Specialists, prepared by J. Lee Moss on April 24, 2009. In particular, Plaintiff wishes to exclude the following sentence: "He had a cervical fusion in 1999, by Dr. Watermeier, who also at that time recommended surgery on his lower back, but he declined."[5] The medical record is duly certified and self-authenticating.[6] Nevertheless, Plaintiff contends this information should be excluded because it constitutes hearsay within hearsay.[7] Defendant argues this information is admissible because it was a statement made for the purpose of medical diagnosis or treatment.[8]

Hearsay is generally inadmissible,[9] but Federal Rule of Evidence 805 provides, "[h]earsay within hearsay is not excluded by the rule against hearsay if each part of the

---

[5] R. Doc. 73-1 at 17.
[6] *See* La. R.S. 13:3741.
[7] R. Doc. 69-1 at 5.
[8] R. Doc. 73 at 2.
[9] FED. R. EVID. 802.

2

combined statements conforms with an exception to the rule." Rule 803(4) allows an exception to the hearsay rule for an out of court statement that is made for medical diagnosis or treatment and describes medical history and past or present symptoms or sensations.[10] Such statements are admissible when the declarant reasonably considers them pertinent to the diagnosis or treatment sought.[11] Plaintiff's motion in limine is denied with respect to this sentence.

Accordingly;

The Court will **DEFER** ruling on Plaintiff's Motion in Limine to exclude evidence relating to Plaintiff's 1999 cervical spine fusion insofar as Defendants seek to use the evidence to impeach the Plaintiff's testimony.

Furthermore, **IT IS ORDERED** that Plaintiff's Motion in Limine to exclude evidence relating to Plaintiff's 2007 MRI is **GRANTED** without objection.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine to exclude the sentence containing the reference to Dr. Watermeier is **DENIED**.

**New Orleans, Louisiana, this 13th day of November, 2018.**

                                      *Susie Morgan*
                                **SUSIE MORGAN**
                       **UNITED STATES DISTRICT JUDGE**

---

[10] FED. R. EVID. 803(4)
[11] *Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 278 (5th Cir. 1991).