**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GARY ROBIN,** <br> **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-1539** |
| **WEEKS MARINE, INC.,** <br> **Defendant** | **SECTION: "E" (1)** |

## GENERAL INSTRUCTIONS

1. Ladies and gentlemen, you have heard the evidence in this case. I will now instruct you on the law that you must apply. In any jury trial, there are, in effect, two judges. I am one of the judges; the other is you the jury. It is my duty to preside over the trial and to determine what testimony and other evidence is admissible under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to this case. It is your duty to follow the law as I shall state it to you. You must apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

2. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case. If I have given you the impression during the trial that I favor either party, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard

anything I may have said or done during the trial in arriving at your verdict. You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

3. The testimony of the witnesses and the exhibits introduced into evidence constitute the evidence. You have heard the closing arguments of the attorneys. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest.

4. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

5. You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendants in arriving at your verdict.

6. Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

7. The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

8. Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation is considered a person under the law. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

9. The plaintiff in a civil action, such as this one, has the burden of proving every essential element of the claim by a "preponderance of the evidence." As the Plaintiff, Gary Robin has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Mr. Robin has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

10. In determining whether any fact has been proven by a preponderance of the evidence in this case, you may consider only the evidence in this case. The

evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

11. Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

12. You alone are to determine the questions of credibility or truthfulness of the witnesses. In evaluating the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

13. Even though a witness may be affiliated with a party to the action, and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

14. Because the plaintiff has the burden of proof on his case against Weeks Marine, Weeks Marine is not required to call any certain number of witnesses. You should not, therefore merely compare the number of witnesses who testified as to an issue, but must consider the weight, if any, you give to the testimony of any witnesses according to the guidelines that I have given or will give you.

15. In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

16. A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply a lapse of memory, and that may depend on whether it has to do with an important fact or with only an unimportant detail.

17. When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

18. In this case, medical doctors have testified as experts. An expert witness is one who, by education and experience, has become learned in some art, science, profession, or calling. An expert witness may state his or her opinion from his or her expertise about relevant and material matters, and he or she may state his or her reasons for her opinion.

You should consider each expert opinion received in evidence in this case and give it whatever weight you think it deserves. If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons for the opinion are unsound, or if you feel the opinion if outweighed by other evidence, then you may disregard the opinion entirely.

19. During the course of trial you may have heard objections to evidence. It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence the attorney believes is not properly admissible according to law. You should not draw any inference against, or show any

prejudice against, a lawyer or his or her client because of the making of an objection.

20. Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence.

21. When the court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if permitted to answer the question.

22. Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been read. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility as if the witness had been present and had testified from the witness stand in court.

23. Any notes that you have taken during this trial are only aids to your memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. Your notes, and notes taken by your fellow jurors, are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

24. When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

25. Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

**SPECIAL INSTRUCTIONS**

I. NEGLIGENCE

26. I recall to your attention the words of Article 2315 of our Civil Code: "Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it." This article and our law, suggest simple reparation, a just and adequate compensation for injuries. Your award should be designed to fully and fairly compensate the plaintiff for his injury, if you find that he has suffered injuries. It suggests no idea of revenge or punishment. Accordingly, our law does not permit the awarding of damages to punish the defendant, make an example of the defendant or to prevent other accidents, and these factors should not enter into any damage award.

27. The burden of proving both existence of injuries and the causal connection between them and the accident rests with the plaintiff who is claiming such damages.

28. Because a plaintiff must prove that his injuries were caused by the negligent act of the defendant, a verdict awarding no damages is a valid verdict where plaintiff does not prove his damages were caused by the defendant even though you find the defendant at fault.

29. We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the things which we have in our custody. A nonowner

who has care, custody, or garde of the thing which caused injury is liable for the damage.

## II. COMPARATIVE FAULT

30. The defendant not only denies negligence, but contends that any injuries and damages the plaintiff may have sustained were the result of the plaintiff's own negligence. Contributory negligence is fault on the part of a person injured which cooperates in some degree with the negligence of another, and so helps to bring about the injury or damage. The test of contributory negligence is the same as the test of negligence of the defendant. It is an act or omission of the party injured which amounts to a lack of ordinary care without which the accident would not have occurred, but which, concurring with the conduct of the defendant, is a cause of the injury or damage. When a defendant contends that a plaintiff is completely at fault or, in the alternative, contributorily negligent, the burden of establishing that fact is on the defendant.

31. Thus, if you conclude that the plaintiff has proved his case by a preponderance of evidence, then you must determine whether the defendant has proved by a preponderance of the evidence that the plaintiff has failed to conduct himself in accordance with the standard expected of him, and has thereby contributed to his own injury. It is the law of Louisiana that the sub-standard conduct of an injured person which contributes to his own injury will reduce his recovery, but will not eliminate or do away with it entirely. If a plaintiff is contributorily negligent, his verdict will be reduced because persons under the law have a duty to protect themselves from injury. If the defendant convinces you that the plaintiff is contributorily negligent, you must take into account the degree of fault attributable to the injured person in returning your verdict.

32. But if the defendant does not convince you that the injured person was also at fault, and the plaintiff has otherwise proven his case by a preponderance of the evidence, then you should return a verdict for the plaintiff without assigning any percentage of fault to him.

33. In deciding the question of the plaintiff's contributory negligence, it may help to phrase your inquiry this way: "Should the plaintiff as an ordinarily prudent person, under all the circumstances surrounding his conduct, have reasonably foreseen some such injury as a result of his conduct, and did he fail to exercise reasonable care to avoid such injury to himself?"

## III. DUTY-FORESEEABILITY

34. The determination of whether a defendant owes a duty to the plaintiff depends on a variety of factors, including most notably the foreseeability of the harm suffered by the complaining party.

A harm is a foreseeable consequence of an act or omission, as would support a finding of duty on part of tortfeasor, if harm of a general sort to persons of a general class might have been anticipated by a reasonably thoughtful person, as a probable result of the act or omission, considering the interplay of natural forces and likely human intervention

## IV. DAMAGES- HOUSLEY PRESUMPTION AND REBUTTAL

35. A claimant's injury is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition

## V. DEFENDANT'S BURDEN

36. The defendant bears the burden of proving all defenses asserted by a preponderance of evidence, i.e., more probable than not. Proof which establishes only possibility, speculation, or unsupported probability does not suffice to establish a defense by a preponderance of the evidence.

## VI. APPORTIONMENT OF FAULT: *WATSON* FACTORS

37. When apportioning fault between parties involved in an action for negligence, you should consider the following factors: (1) whether the harmful conduct resulted from inadvertence or involved an awareness of danger; (2) the greatness of the risk created by the conduct; (3) the significance of what was sought by the conduct; (4) the capacities of the actor, whether superior or inferior; and (5) any extenuating circumstances which might have required the actor to proceed in haste, without proper thought.

## VII. *THE OREGON* RULE

38. The rule of *The Oregon* case creates a presumption of fault that shifts the burden of production and persuasion to a moving vessel who, under her own power, allides with a stationary object. It is well established that there is a presumption of fault against a moving vessel that strikes a stationary object. In admiralty, this presumption does more than merely require the ship to go forward and produce some evidence on the presumptive matter. The moving vessel must show that it was without fault or that the collision was occasioned by fault of the stationary object or was the result of inevitable accident.

## VIII. *THE PENNSYLVANIA* RULE

39. Under *The Pennsylvania* rule, if a party involved in a collision was violating a statutory rule intended to prevent collisions, the burden shifts to the violating party to show that its fault could not have been a cause of the accident. The rule thus creates a presumption that one who violates a regulation intended to prevent allisions and collisions will be deemed responsible; but that presumption is rebuttable. Though *The Pennsylvania* case involved a collision, the *Pennsylvania* rule has been held to apply not only to fact scenarios involving collisions or allisions, but also to "violations of statutes intended to prevent the injury that actually occurred."

## IX. MARITIME NEGLIGENCE LAW

40. The analysis of a maritime tort is guided by general principles of negligence law. In order for liability to be established, a plaintiff must demonstrate that a duty is owed, a breach of the duty, an injury, and a causal connection between the defendant's conduct and the plaintiff's injury.

## X. NEGLIGENCE

41. Plaintiff claims that his alleged injuries were caused by the negligence of Weeks Marine, Inc. Negligence is the doing of an act that a reasonably prudent or careful person would not do, or the failure to do something that a reasonably careful person would do, under the same or similar circumstances. In other words, negligence is the failure to use ordinary care under the circumstances. In order to establish that Weeks Marine, Inc. was negligent under the general maritime law, Plaintiff must show:

1) That Weeks Marine, Inc. owed the Plaintiff a duty of care;
2) That Weeks Marine, Inc. breached the duty;
3) That the plaintiff suffered damages; and
4) The breach of the duty proximately caused the damages

Weeks Marine, Inc. owed a duty to the Plaintiff to act reasonably under the circumstances to prevent foreseeable harm. Harm is the foreseeable consequence of an act or omission if the general type of harm which occurred to the Plaintiff might have been anticipated by a reasonably thoughtful person, as a probable result of the act or omission, considering the interplay of natural forces and likely human intervention. In other words, Weeks Marine, Inc. had a duty to act with ordinary care as a reasonably careful person would to prevent foreseeable harm to the Plaintiff. Foreseeable harm is harm which is reasonably foreseeable to a reasonably thoughtful person. The degree of care necessary to constitute ordinary care required of a person upon any particular occasion is measured by reference to the circumstances of danger and risk known to such person at the time.

## XI. DAMAGES

42. If Gary Robin has proved his claim against Weeks Marine by a preponderance of the evidence, you must determine the damages to which Gary Robin is entitled. You should not interpret the fact that I am giving instructions about Gary Robin's damages as an indication in any way that I believe that Gary Robin should, or should not, win this case. It is your task first to decide whether Weeks Marine is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Weeks Marine is liable and that Gary Robin is entitled to recover money from them.

43. If you find that Weeks Marine is liable to Gary Robin, then you must determine an amount that is fair compensation for all of Gary Robin's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Gary Robin whole—that is, to compensate Gary Robin for the damage that he has suffered. Compensatory damages are not limited to expenses that Gary Robin may have incurred because of his injury. If Gary Robin wins, he is entitled to compensatory damages for the physical injury, pain and suffering, loss of enjoyment of life, and mental anguish that he has suffered because of Weeks Marine's wrongful conduct.

You may award compensatory damages only for injuries that Gary Robin proves were proximately caused by Weeks Marine's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Gary Robin's damages, no more and no less. Damages are not allowed as a

punishment and cannot be imposed or increased to penalize Weeks Marine. You should not award compensatory damages for speculative injuries, but only for those injuries that Gary Robin has actually suffered or that Gary Robin is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Gary Robin prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

44. You may award damages for any bodily injury that Gary Robin sustained and any pain and suffering, disability, loss of enjoyment of life, and mental anguish that Gary Robin experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Gary Robin for the damages he has suffered. There is no exact standard for

fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.

45. A plaintiff's recovery of medical expenses must be confined to those expenses related to the accident. To recover, the plaintiff must prove that, more probable than not, the medical treatment was necessitated by trauma suffered in the subject accident. The jury is not required to accept totally a plaintiff's perception concerning the degree and magnitude of his injuries.

46. Future medical expenses, like any other damages, must be established with some degree of certainty. An award for future medical expenses cannot be based on mere speculation of the jury. The plaintiff must show that, more probable than not, these expenses will be incurred. An award for future medical expenses will not be made in the absence of medical testimony that future medical expenses are medically necessary and that sets out their probable cost.

47. If you find that damages have been proven, I caution you not to include anything for the payment of court costs and attorney fees; the law does not consider these as damages suffered by the plaintiff. I further inform you that any amount which you might award to the plaintiff is not income within the meaning of the income tax laws. If you decide to make an award, follow the instructions I have given you, and do not add or subtract from that award on account of federal or state income taxes. In other words, if you find that the plaintiff is entitled to damages, the amount which you award should be the sum

that you think will fully and fairly compensate the plaintiff for his injuries, without regard to what he may pay his attorney or the amount that you might think would be paid in income taxes.

## XII. RELATIONSHIP BETWEEN PROPERTY DAMAGE AND INJURY

48. Significant injuries can and do result from collisions with minimal force. The law of Louisiana is clear that where personal injuries are established by medical and lay evidence, minimal impact is of no material importance.

## XIII. DAMAGES: PRE-EXISTING CONDITION

49. In your consideration of the items of damage, you should bear in mind that under the law the one liable or responsible for an accident must take the injured person as he finds him, and is responsible for all the natural and probable consequences of his wrong, even though they are more serious or harmful by reason of a pre-existing condition, physical defect or weakness of the injured person. If the accident results in aggravation of a previous condition of disability or of pain of the injured person, the one responsible is liable both for the aggravation of the pre-existing condition and for any new injuries resulting from the accident.

## XIV. GENERAL DAMAGES, INCLUDING AGGRAVATION

50. Your award should include general damages, which are: any physical and mental pain and suffering incurred by the plaintiff in the past, present, and future; any past or future loss of earnings or earning impairment; any permanent physical impairment or disability that you have not otherwise taken into account; and any loss of enjoyment of life. One who commits a tort takes his victim as he finds him. The defendant is responsible also for any aggravation of any pre-existing ailments or disabilities sustained by the plaintiff.

**CLOSING INSTRUCTIONS**

51. It is your sworn duty as jurors to discuss the case with each other in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

52. Remember that you are the judges of the facts. Your only interest is to seek the truth from the evidence in the case.

53. I have prepared a special verdict form for your convenience and to aid you in reaching a unanimous decision. You will take the form with you to the jury room. The verdict must represent the considered judgment of each juror. Your verdict must be unanimous on each and every interrogatory you are called on to decide.

54. When you retire to the jury room to deliberate, you may take with you these instructions and the exhibits that the court has admitted into evidence. Select your foreperson and conduct your deliberations. You must not communicate with or provide any information to anyone, by any means, about this case. You may not use any electronic device or media, such as a telephone, cell phone, iPad or computer; the internet or any text or instant messaging service; or any

social media such as Facebook, to communicate to anyone any information about this case or to conduct any research about this case, until after I accept your verdict. You must follow these instructions regarding your conduct if there is a recess during your deliberations.

55. After you have reached your unanimous verdict, your foreperson is to fill in your answers to the questions on the form and sign and date the form. Do not reveal your answers to the questions until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, any numerical division on any question.

56. If you need to communicate with me during your deliberations, the foreperson should prepare a written message or question and give it to the marshal, who will bring it to me. I will either reply in writing or bring you back into the court to respond to your message. I will always first disclose to the attorneys and the parties your message and my response before I answer your question.

57. After you have reached a verdict, you are not required to talk with anyone about the case unless the court orders otherwise.

58. You may now retire to the jury room to conduct your deliberations.